IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MAX STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:00-cv-1509-F |
| ) | (WO) |
| EAST ALABAMA HEALTH CARE ) | |
| AUTHORITY, et. al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Max Stevens (hereinafter "Stevens") brings this action against Defendants East Alabama Health Care Authority d/b/a East Alabama Medical Center, Inc. (hereinafter "EAMC"), Terry Andrus, John V. Denson, James E. Williams, Ivan Woods, Scott G. Camp, and Tonya A. Jacobs (hereinafter "Defendants") alleging fraud upon the court in a prior court proceeding. Stevens requests that, pursuant to Federal Rule of Civil Procedure 60(b), the Court vacate its judgment in the case of *United States ex rel. Max Stevens v. East Alabama Health Care Authority d/b/a East Alabama Medical Center and Terry Andrus* (Case No. 3:95-cv-446[1]) due to fraud on the part of the defendants and their attorneys in that case.

This cause is presently before the Court on Defendants' Motion to Dismiss and Motion to Strike Plaintiff's Complaint; or, in the Alternative, Motion to Abate Pending

---

[1] Previously Case No. CV-95-D-446-E

Ruling by the United States Supreme Court, filed on December 13, 2000 (Doc. # 10). As the United States Supreme Court denied Plaintiff's petition for writ of certiorari on December 11, 2000, *United States ex rel. Stevens v. East Alabama Health Care Authority*, 531 U.S. 1051, 121 S. Ct. 655, 148 L.Ed.2d 558 (2000), the Motion to Abate Pending Ruling by the United States Supreme Court is due to be DENIED AS MOOT. The Motion to Dismiss and Motion to Strike Plaintiff's Complaint are discussed below.

## I. Jurisdiction and Venue

When an independent action pursuant to Rule 60(b) is filed in the same court that granted the challenged judgment, jurisdiction exists, regardless of the existence of diversity or federal question jurisdiction. *See United States v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862, 1867, 141 L.Ed.2d 32. The district court had jurisdiction over the prior action pursuant to 28 U.S.C. § 1331, and therefore has jurisdiction over the present action as well. The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both.

## II. Facts and Procedural History

For purposes of considering the Defendants' motions to dismiss, the Court presumes that the allegations in the Complaint are true.

A.     *The Prior Action*[2]

In the prior action, Stevens, as relator on behalf of himself and the Untied States, brought suit under the False Claims Act, 31 U.S.C. § 3729, against EAMC and Andrus. Wood, Williams, Denson, Camp, and Jacobs (defendants in the present action) are the attorneys who represented EAMC and Andrus in the prior action. Stevens, EAMC's former Director of Engineering, alleged that the defendants defrauded the United States by obtaining certification to participate in Medicare/Medicaid programs when they had not met the standards for participation in those programs.

Stevens voluntarily waived his right to a jury trial and, beginning on April 6, 1998, the action was tried before Judge John H. Moore II. On April 13, 1998, Stevens rested his case and the defendants moved for judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c). After considering Stevens' written response to the motion and hearing oral argument from both sides, the district court made specific findings of fact and conclusions of law on the record supporting judgment for the defendants. On April 14, 1998, judgment was entered in favor of the defendants. On April 15, 1998, Stevens filed a Notice of Appeal with the United States Court of Appeals for the Eleventh Circuit (Case No. 98-

---

[2] The Court may and hereby does take judicial notice of the record in the prior action. *See Universal Communications Corp. v. Burns*, 449 F.2d 691, 693 (5th Cir. 1971). Because the Court has taken judicial notice of the prior action, the fact that Defendants attached copies of certain pleadings and orders from the prior action to their motion to dismiss does not transform that motion into a motion for summary judgment. *See Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996) (holding that in deciding a motion to dismiss for failure to state a claim, a court may consider matters of which they may take judicial notice).

6827). The Eleventh Circuit affirmed the district court's judgment on January 21, 1999. Stevens requested a rehearing, which was denied on April 20, 1999.

On April 13, 1999, Stevens filed a Motion for Relief under Rule 60(b) of the Federal Rules of Civil Procedure. In his brief in support of the Rule 60(b) motion, he claimed that he was entitled to relief from the judgment because the defendants had presented misleading and inadvertent erroneous evidence at trial. Stevens alleged, among other things, that the defendants misled the district court by stating that they had filed a plan of correction, without differentiating between a state plan, which they had filed, and a federal plan, which they had not filed. On May 11, 1999, the defendants filed their Brief in Opposition to Stevens' Motion for Relief under Rule 60(b) in which they requested reasonable attorneys' fees and expenses. On June 9, 1999, the district court entered an Order denying Stevens' Motion for Relief and ordering Stevens' counsel to pay attorneys' fees to the defendants in order to "curb further abuse instigated by Stevens' counsel." The district court stated that

> EAHC complains that Stevens' Rule 60(b) Motion has been brought in bad faith and only for purposes of harassment. The Court has no hesitation in agreeing. Stevens' Motion is entirely without merit, and is a clear and unwarranted attempt to relitigate an unsuccessful trial. The filing of this frivolous Motion, presented after an unsuccessful appeal to the Eleventh Circuit Court of Appeals and an unsuccessful attempt to obtain rehearing in that Court, has unreasonably and vexatiously multiplied these proceedings to EAHC's detriment.

*Unites States of America ex rel. Stevens v. East Alabama Healthcare Authority*, No. 95-D-446-E, slip op. at 4 (M.D. Ala. June 9, 1999). On July 8, 1999, Stevens filed a Notice of Appeal with the Eleventh Circuit Court of Appeals appealing the district court's ruling on

4

his 60(b) Motion for Relief. On April 3, 2000, the Eleventh Circuit affirmed the district court. Specifically, the Eleventh Circuit stated that

> Not only do we hold that the district court did not abuse its discretion in this case, we wholeheartedly agree with the district court that Stevens has abused the proceedings of this Court. Nothing in Stevens appeal convinces us that fraud or misconduct by the defendants prevented Stevens from making a full and fair presentation of his case. Therefore, we award the appellees double costs because we agree Stevens Rule 60(b) Motion is frivolous. We are aware that we could also award attorney's fees to the appellees pursuant to Fed.R.App.P. 38, but it is our hope that imposing an award of double costs against Stevens will suffice to prevent him from filing further frivolous actions against the defendant-appellees EAHC and Terry Andrus.

*Stevens v. East Alabama Healthcare Authority*, No. 99-13595, slip op. at 4 (11th Cir. Apr. 3, 2000). Stevens then filed a Motion for rehearing or rehearing *en banc*, which was denied on July 3, 2000. On October 2, 2000, Stevens filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied on December 11, 2000. *United States ex rel. Stevens v. East Alabama Health Care Authority,* 531 U.S. 1051.

B.    *The Present Action*

On November 1, 2000, Stevens brought an independent action under Rule 60(b) seeking to redress alleged "fraud upon the court" in the prior proceeding. In his Complaint, Stevens states that the action is based upon the "illegal, improper, unethical, and fraudulent actions of EAMC and its lawyers in the prosecution of the defense against the Plaintiffs in their suit in the underlying case." Compl. ¶ 12. More specifically, Stevens alleges manipulation of documents, misrepresentation of federal regulations and case law, and encouragement of witnesses to provide testimony favorable to the defense. Compl. ¶ 13.

5

As in his Rule 60(b) motion in the prior action, Stevens alleges that the defendants misled the district court by alleging that they had submitted a plan of correction, when in fact they had only submitted a state plan of correction and not a federal one. Furthermore, Stevens alleges that the defendants misrepresented that a federal plan of correction was not required by misquoting 42 C.F.R. § 488.28(a) to the court. In addition, Stevens alleges that the defendants misrepresented the holding of *Jackson v. Fort Stanton Hospital and Training School*, 757 F. Supp. 1243 (D.N.M. 1990), *rev'd in part on other grounds*, 946 F.2d 980 (10th Cir. 1992). Finally, Stevens alleges that several other incidents of fraud occurred during the trial, including submission of an exhibit that did not contain all pages of a certain form and testimony that Stevens characterizes as misleading.

On December 13, 2000, Defendants filed a motion to dismiss and strike the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 12(f).

This Court received this case following the undersigned's appointment to the Court in December 2002.

### III.  Legal Standards

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the

6

plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). In considering a motion to dismiss, the court must accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *See Hishon*, 467 U.S. at 73. This standard imposes an "exceedingly low" threshold for the nonmoving party to survive a motion to dismiss for failure to state a claim. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." The particularity requirement, however, must be read in conjunction with Federal Rule of Civil Procedure 8(a), which provides that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985)(stating that "a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading" found in Rule 8). Thus, to comply with Rules 8 and 9(b), "some indicia of reliability must be given in the complaint to support the allegation of fraud". *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002). To that end, the "plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specify the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Id.*at1310.

Federal Rule of Civil Procedure 12(f) permits the court to strike from any pleading

"any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## III. Discussion

Federal Rule of Civil Procedure 60(b) allows a court, upon motion of a party, to relieve a party from a final judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." In addition, Rule 60(b) states that "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . or to set aside a judgment for fraud upon the court."[3] In *Beggerly*, the United States Supreme Court noted that there must be a difference between the type of fraud that could be the basis for a Rule 60(b)(3) motion for relief from judgment and the type of fraud necessary to maintain an independent Rule 60(b) action. Otherwise, the one-year time limit on Rule 60(b)(3) motions "would be set at naught." *Beggerly*, 524 U.S. at 46, 118 S. Ct. at 1867. Thus, "[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand departure' from rigid adherence to the doctrine of res judicata." *Id.* (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244, 64 S. Ct. 997, 1000, 88 L.Ed. 1250 (1944)). Therefore, the Court stated, "an independent action should be available only to prevent a grave miscarriage of justice." *Id.* at 47, 118 S. Ct. at 1868.

The Court of Appeals for the Eleventh Circuit has defined "fraud upon the court" as

---

[3] This clause is commonly referred to as the "savings clause." *See, e.g., In Re Lawrence*, 293 F.3d 615, 622 n.5 (2d Cir. 2002).

8

"only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985).

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious conduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. . . . These parameters are strictly applied because a finding of fraud on the court permits the severe consequence of allowing a party to overturn the finality of a judgment.

*Zurich N. Am. v. Matrix Svc., Inc.*, Nos. 04-5101, 05-5027, 2005 WL 2651382 (10th Cir. Oct. 18, 2005). "The presumption against the reopening of a case that has gone through the appellate process all the way to the United States Supreme Court and reached final judgment must be not just a high hurdle to climb but a steep cliff-face to scale." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005).

Stevens first claims that the Defendants committed fraud upon the court by misleading the court as to the filing of a federal plan of correction. That is, by referring generally to a plan of correction rather than differentiating between a state plan and a federal plan, Stevens alleges that the Defendants misled the court into believing that both types of plans had been filed. Assuming these allegations are true, which the Court must on a motion to dismiss pursuant to Rule 12(b)(6), these actions on the part of the Defendants do not amount to fraud upon the court. It is a "well-settled rule that the mere nondisclosure to an

9

adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule 60(b)." *Kerwit Med. Products v. N. & H. Instruments, Inc.*, 6161 F.2d 833, 837 (5th Cir.1980).[4] *Federal Deposit Insurance Corporation v. Innovative Telephone Communications, Inc.*, 179 F.R.D. 181 (E.D. La. 1998) held that misleading the court into believing that disputed facts were undisputed did not amount to "fraud on the court." In his Complaint, Stevens makes a similar allegation -- that Defendants mislead the court by stating that it was undisputed that they had filed a plan of correction, when in fact they had filed only the state plan and not the federal plan. The Court finds that, even if true, this allegation does not constitute fraud upon the court necessary to sustain an independent action pursuant to Rule 60(b).

Stevens next claims that Defendants misrepresented the law in two different ways. Stevens first claims that by misquoting 42 C.F.R. § 488.28(a) to the court, Defendants misled the court into believing that a federal plan of correction was not required. The regulation states that providers with deficiencies will be certified "only if the facility has submitted an acceptable plan of correction for achieving compliance within a reasonable period of time acceptable to the Secretary." When citing this regulation to the court, Stevens alleges that the defendants left out the words "only if" and "acceptable to the Secretary." By omitting these words, Stevens alleges that the defendants misled the court into believing that

---

[4] Decisions of the Fifth Circuit handed down prior to September 30, 1981 are binding precedent on the district courts of the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

EAMC could continue to participate in the Medicare/Medicaid programs even if a federal plan of correction was not filed. Second, Stevens alleges that the defendants misrepresented the holding of *Jackson v. Fort Stanton Hospital and Training School*, 757 F. Supp. 1243 (D.N.M. 1990), *rev'd in part on other grounds*, 946 F.2d 980 (10th Cir. 1992), making it appear that that case stated that EAMC's deficiencies did not require submission of a plan of correction, when in fact that case recognized that appropriate plans of correction are required by law if there are any types of deficiencies. Assuming these misrepresentations occurred in the prior action, neither one is sufficient to constitute fraud upon the court.

> Fraud in the legal process is not actionable if it is incapable of obstructing the opposing litigant. . . . An erroneous legal contention, being out in the open as it were, does not have obstructive capability, and is not fraud merely because if believed it would confer an advantage on the party making it. If that were the standard for fraud on the court, no civil judgments would be final; every legal error that a judge committed that had been invited by the winning litigant would be, prima facie, fraud on the court.

*Oxxford Clothes, Inc. v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997). Therefore, Stevens allegations of misrepresentation of the law in the prior action do not state claims upon which relief may be granted pursuant to Rule 60(b) and is due to be dismissed pursuant to Rule 12(b)(6).

Third, Stevens claims that Defendants offered an exhibit as purporting to be an official report to the Federal Healthcare Financing Administration ("HCFA"), but the exhibit included only a 16-page report of the state deficiencies, not the 14 pages of federal form HCFA-2567 that had been included in the actual report provided to HCFA. As stated above,


nondisclosure to the court of a particular fact does not amount to fraud upon the court for the purpose of vacating a judgment under Rule 60(b).

Finally, Stevens claims several different instances of perjury by Andrus and one by another witness. Like misleading statements of law, perjury does not meet the standard for fraud upon the court because "the opposing party is not prevented from fully presenting his case and raising the issue of perjury in the original action." *Travelers Indem.*, 761 F.2d at 1552. Stevens claims that the attorneys in the prior action (who are defendants in the present action) were aware of the perjury. While perjury in which an attorney participates may be considered fraud on the court sufficient to relieve a party from a prior judgment, *cf. Hazel-Atlas Co. v. Hartford Empire Co.*, 322 U.S. 238, 64 S. Ct. 997, 88 L.Ed. 1250 (1944), Stevens has presented no evidence of attorney involvement in the alleged perjury. Stevens basically argues for a rule that permits the court to relieve a party from a prior judgment if that party simply makes a bare allegation of attorney involvement in perjury without any support for such allegation. "In addition to being unjustified, this rule would allow . . . [l]osing parties [to] transform a perjury case into an action for fraud on the court simply by alleging that an attorney was present." *Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.*, 827 F.2d 984, 987 (4th Cir. 1987). Therefore, Stevens' allegation of attorney involvement in perjury, without more, is insufficient to relieve Stevens of the judgment against him in the prior action. Thus, the allegations of perjury fail to state a claim upon which relief may be granted and are due to be dismissed.

## IV. Conclusion

For the reasons set forth above, all of Stevens' claims in the present action are due to be and hereby are DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[5] Defendants' Motion to Dismiss (Doc. # 10) is hereby GRANTED.

Due to this Court's ruling on Defendants' Motion to Dismiss, Defendants' Motion to Strike Plaintiff's Complaint (Doc. # 10) is hereby DENIED AS MOOT.

Defendants' Motion to Abate Pending Ruling by the United States Supreme Court (Doc. #10) is also hereby DENIED AS MOOT.

All other pending motions in this action are hereby DENIED AS MOOT.[6]

A Final Judgement will be entered by separate Order consistent with the holdings in this Memorandum Opinion and Order.

DONE this 5th day of December, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Because the Court finds all claims are due to be dismissed pursuant to Rule 12(b)(6), it is unnecessary for the Court to address Defendants' Rule 9(b) arguments concerning failure to plead fraud with particularity.

[6] The Motion to Amend the Complaint (Doc. # 26), the Motion to Strike the Jury Demand (Doc. # 31), and the Motion for Summary Judgment (Doc. # 35) are moot due to this Court's ruling on the Motion to Dismiss. The Motion for Sanctions (Doc. # 19) is moot because it has come to the Court's attention that both attorneys who signed the Complaint are now deceased.